[Civ. No. 2626. First Appellate District, Division One.—January 22, 1919.]

## C. W. LENTZ et ux., Appellants, v. GEORGE A. CLOUGH et al., Respondents.

Pleading—Amendment—Discretion.—Where an amended complaint showed that the action was not, as it purported to be, an action to quiet title, that there was a joinder of several causes of action, all obnoxious to general demurrer, that alleged fraudulent acts charged were not only all barred by statute of limitations but were all on their face stale claims, and that although the plaintiffs averred that they did not discover the matter set forth in their complaint until a recent date it was clear that for several years they had been sufficiently apprised thereof to put them upon inquiry, the trial

court very properly ordered judgment for the defendants upon sustaining their demurrer to the amended complaint and did not abuse its discretion by refusing the privilege of further amendment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco. J. M. Seawell, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. A. Kelley for Appellants.

Herbert Chamberlin and Tobin & Tobin for Certain Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants upon the entry of an order sustaining the defendants' several demurrers to the plaintiffs' amended complaint. The only serious contention which the appellants urge upon the argument of this appeal is that the trial court abused its discretion in not allowing the plaintiffs a further opportunity to amend their complaint.

The original complaint is not embraced in the record before us, nor are the demurrers to its sufficiency, but if the plaintiff's first amended complaint and the demurrers of the several defendants—almost all of whom are lawyers—are to be taken as a sample of these earlier pleadings the plaintiffs must have been fully informed as to the deficiencies of their original pleading at the time they prepared and filed their first amended complaint. An examination of this latter pleading has satisfied us that it is subject to each and every one of the numerous objections which were urged against it by the several demurring parties; that it is not, as it purports to be, an action to quiet title; that there is a misjoinder of several causes of action, none of which are sufficiently stated to avoid general demurrer; that there is also a misjoinder of parties defendant; that the alleged fraudulent acts and conduct with which the defendants are charged not only fail to constitute a cause of action against all or perhaps any of them, but are all alleged to have occurred between the years 1906 and 1910, and hence are not only long since barred by the statute of limitations pleaded by the several defendants, but are also upon their face stale claims which the plaintiffs' laches would

long since have debarred them from asserting. The plaintiffs' averment that they did not discover the matter set forth in their complaint until the year 1916 cannot aid their pleading, since it is clear that as to many of such matters they were either known to them several years prior to that date, or that they were sufficiently apprised thereof to put them upon inquiry. The plaintiffs state no reason why their alleged discovery of the facts constituting the gravamen of their complaint from six to ten years after their occurrence was not earlier made, and it is plain that no such reasons could be stated, since the facts themselves as set forth in this amended complaint are of such a nature that they must in the nature of things have become known to the plaintiffs at or about the time of the alleged happening of most of them. Under these conditions the trial court very properly determined that it would be impossible for the plaintiffs to state a cause of action by any further attempt at the amendment of their pleading, and, hence, ordered judgment for the defendants upon sustaining their several demurrers to the plaintiffs' hopelessly inadequate amended complaint. We find no abuse of the discretion with which the trial court was invested under section 472 of the Code of Civil Procedure to permit or refuse to the plaintiffs the further privilege of amending their pleading.

No error appearing in the record before us, the judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 20, 1919.

All the Justices concurred.